JOHN KOTWICA, APPELLEE, v. TEOFIL DANESKI, IMPLEADED WITH ALEXANDER J. PIETUKOWSKI, APPELLANT.

Submitted December 21, 1922—Decided February 20, 1923.

**Partnership—Evidence of—Liability of Partners—Dissolution.**

On appeal from the District Court.

Before Justices PARKER, BERGEN and MINTURN.

For the appellant, *William Greenfield.*

For the appellee, *Smith & Slingerland.*

PER CURIAM.

The suit was to recover back $350 paid by plaintiff to a concern called the "Polish National Bureau" to be used in transporting two relatives of plaintiff from Poland to this country. The money was in fact handed to Pietukowski, who at the time of suit was out of the jurisdiction and was suspected of having absconded, and summons was served on appellant Daneski and recovery sought from him as a partner of Pietukowski in the "bureau." See *Blessing* v. *McLinden,* 81 *N. J. L.* 379. Plaintiff had a verdict and judgment, and defendant appeals.

The first two points in appellant's brief, corresponding to "specifications" 1 and 2 of rulings claimed to be erroneous, are not properly before us, as the specifications do not specify, but merely assert generally the admission of illegal, and exclusion of legal evidence. This is not sufficient. *Lutlopp* v. *Heckman,* 70 *N. J. L.* 272; *Valenti* v. *Blessington,* 96 *Id.* 498. The form in *Pamph. L.* 1912, *pp.* 415, 416, No. 37, Supreme Court Rules of 1919, page 79, indicates the correct manner of assigning error in rulings on evidence in the ordinary courts of common law. The "specification" under rule 143 differs only in name.

Points 3 and 4 are that the trial court erred in refusing to nonsuit and in refusing to direct a verdict for defendant. The argument made under these points is that it was beyond the scope of Pietukowski's authority as a partner to go to Europe with the money, as he seems to have done. But to this we cannot agree. The money was plainly received within the scope of the partnership business, and it is idle to argue that because by the dishonesty or what not of a partner, it was not applied as agreed, that other partners are absolved from liability.

A point which exhibits some difficulty is that the judge charged the jury "as a matter of law, that partnership has

been proven." This, of course, removed from the consideration of the jury the question whether a partnership existed at the time when plaintiff entrusted Pietukowski with the money. The undisputed evidence was that in June, 1920 (the money was deposited in January, 1921), Pietukowski went to defendant and wanted to start in business and defendant put $500 in bank to open an account "under both names, Mr. Pietukowski and I," checks payable on signature of either or both; that the two went to the court house on June 21st, and executed and filed a certificate as provided by the act of 1906, entitled "An act to regulate the use of business names" (*Pamph. L., p.* 513; *Comp. Stat., p.* 3686), especially section 2 of that act, specifying "Polish National Bureau" as the name, and defendant and Pietukowski as the parties concerned. The certificate does not state· that the business is a partnership, but no other inference is permissible. The act says that a certified copy shall be presumptive evidence of the facts therein contained; and such copy was put in evidence. It further appeared that Daneski, being a busy tradesman, took little active interest in the bureau, but visited the rented office on several Wednesdays when his butcher shop was closed; that he "did not understand the business and could not be bothered with it, had no time—and told him (Pietukowski) to go in business himself; I couldn't bother with him." After Pietukowski left, defendant continued to pay the rent out of the partnership bank account. This lasted about a year after Pietukowski left and while a subordinate employed by Pietukowski was running the place.

There can be no doubt that defendant agreed to go into business with Pietukowski, for he says so; nor that he executed and swore to the statutory declaration. He testified to that. He contributed or advanced $500 to start a joint bank account, and showed what activity his time would allow, in the joint affairs. Plainly a partnership status was created. Defendant says it was dissolved at his instance, but assuming this, dissolution involves the public, and there is not a scintilla in the case to show that any notice what-

ever was given of a dissolution if one took place. Everything went on as before; so that plaintiff, dealing with the "bureau" was entitled to recourse against all those then appearing to be partners therein.

Defendant having become such partner so remained as to the public until after notice of his withdrawal. Hence, it was not error to charge that the partnership had been proven as to plaintiff.

These considerations lead to affirmance of the judgment.