37 N.J. Super. 588 (1955)
117 A.2d 682
WEST SIDE TRUST COMPANY, A TRUST COMPANY OF NEW JERSEY, PLAINTIFF,
v.
ARTHUR O. GASCOIGNE AND SYDNEY JACKSON, PARTNERS, TRADING AS JACKSON CONTRACTORS, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided November 3, 1955.
*589 Messrs. Bilder, Bilder & Kaufman (Mr. Walter J. Bilder, appearing), attorney for plaintiff.
Mr. Joseph L. Freiman, attorney for defendant.
WAUGH, J.C.C. (temporarily assigned).
This is a motion for summary judgment pursuant to R.R. 4:58-1 et seq., on the ground that the pleadings, depositions and affidavits on file "show palpably that there is no genuine issue as to any material fact challenged."
Plaintiff bank seeks recovery against the two defendants, as partners, on three promissory notes, drawn in favor of the plaintiff and bearing in each case the signature "Jackson Contractors, Arthur O. Gascoigne." The first note is dated July 24, 1952; the second, December 3, 1952, and the third, March 6, 1953.
Since the dispute in this case turns upon the real or apparent partnership between the two defendants, a chronological resume of the written evidence in that regard will be helpful.
On September 1, 1949 a partnership existing between the two defendants was admittedly dissolved and on that date the defendant Gascoigne filed a trade-name certificate in the office of the Clerk of Essex County, showing that Arthur O. *590 Gascoigne alone was doing business under the name of Jackson Contractors.
On June 23, 1952 a financial statement of Jackson Contractors, signed by Gascoigne alone, was delivered to plaintiff bank. In this statement Sydney Jackson, the co-defendant, is listed as a special partner.
On July 24, 1952, the first loan was granted by plaintiff to Jackson Contractors, on a note signed by Gascoigne alone.
On July 29, 1952 a certificate of dissolution of Jackson Contractors, signed by Gascoigne alone, was filed August 1, 1952 in the office of the Essex County Clerk.
On July 30, 1952 an account withdrawal card, admittedly signed by both defendants, was delivered to plaintiff bank.
On August 1, 1952 a certificate of partnership, admittedly signed by both defendants, in which it is set forth that they were trading as Jackson Contractors, was filed in the office of the Essex County Clerk. No certificate of partnership dissolution had been filed as of May 16, 1955. It is to be noted that the certificate of dissolution, dated July 29, 1952, and the certificate of partnership, signed August 1, 1952, were both sworn to before the same Notary Public on August 1, 1952.
Thereafter, the notes of December 3, 1952 and March 6, 1953, were signed on behalf of the partnership by Gascoigne.
Defendant Jackson seeks to avoid liability on the ground that he is not and has not, since September 1, 1949, been a partner in Jackson Contractors; that there was only one outstanding account (the Efroy contract) in which he had an interest; that
"On or about August 1, 1952, Gascoigne told me that he hadn't been feeling well, and that he wanted my name to appear on the signature card of the West Side Trust Company where he had an account, and that it was necessary for me to sign a business name certificate in order to clean up the Efroy account. He gave me the cards and the papers, and asked me to sign them, which I did. At no other time after September 1, 1949, and particularly on and after August 1, 1952, were we ever partners. I had absolutely no interest in Jackson Contractors." (Affidavit of Jackson, paragraph 5)
*591 He urges further that the bank was aware that he was a special partner only and had been made fully aware of the nature of the special partnership, namely that it was only in one account.
It is clear that the bank required Jackson's signature on the withdrawal card and a new trade name certificate, and that both were forthcoming, although Jackson claims they were fraudulently obtained by Gascoigne.
The question for decision is, of course, whether there is any genuine issue of material fact to be determined by a jury. Judson v. Peoples Bank, 17 N.J. 67 (1954).
This Court finds, as to the second and third counts of the complaint, that there is none.
"N.J.S.A. 42:1-16
1. When a person, by words spoken or written or by conduct, represents himself, or consents to another representing him to anyone, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership, and if he has made such representation or consented to its being made in a public manner he is liable to such person, whether the representation has or has not been made or communicated to such person so giving credit by or with the knowledge of the apparent partner making the representation or consenting to its being made.
a. When a partnership liability results he is liable as though he were an actual member of the partnership.
b. When no partnership liability results, he is liable jointly with the other persons, if any, so consenting to the contract or representation as to incur liability, otherwise separately."
In this case, it is undisputed that the defendant Jackson signed the trade name certificate, filed August 1, 1952, and the signature card, dated July 30, 1952. This constitutes consent to a making of the representation in a public manner for such certificate was filed pursuant to N.J.S.A. 56:1-1. Jackson is thus liable under N.J.S.A. 42:1-16(1) "* * * whether the representation has or has not been made or communicated to such person so giving *592 credit by or with the knowledge of the apparent partner making the representation or consenting to its being made."
There is no issue as to the alleged special partnership. First, defendant denies he knew of the existence of the financial statement in which he was held out as a special partner, until after suit was instituted; secondly, by his own action, subsequent to the date of the financial statement, he signed the trade name certificate, making it possible for the representation of partnership to be made in a public manner.
Under these circumstances, the existence of the partnership is a question of law for the judge. Kotwica v. Daneski, 1 N.J. Misc. 140 (Sup. Ct. 1923).
The first note was negotiated prior to the filing of the certificate of August 1, 1952 and as to that one there is a disputed question of fact as to the existence of the partnership.
Summary judgment on counts 2 and 3 is granted.
The motion is denied as to count 1.